## DARE v. McNUTT and Another.

If a witness has been regularly subpœnaed, but is unable to attend by reason of sickness, his deposition can be taken during term time, by giving the adverse party reasonable notice.

The deposition must be filed at least one day before the time at which the cause stands on docket for trial, or the adverse party will be entitled to a continuance.

If the defendant seeks to use a bond in evidence, which had been used by the adverse party in a former suit, and by him voluntarily left on file with the other papers of the cause, in Court, he must ask permission of the Court to give it in evidence from the files; and he cannot, by giving notice to the adverse party to produce the bond, and on the failure of the latter to do so, give parol evidence of its contents.

May Term,
1848.

Dare
v.
McNutt.

APPEAL from the *Franklin* Circuit Court.

PERKINS, J.—Assumpsit. Plea, the general issue. Trial by jury; verdict and judgment for the plaintiffs.

Upon the day the cause was docketed for trial, it was not heard, but continued to the 10th day of the term. On that day, *William Cummings*, one of the plaintiffs, appeared in open Court, and made affidavit that *James Samuels*, of *Springfield* township, in said county, was a material witness for them on the trial of said cause; that he would swear to certain facts, which are specified in the affidavit; that the same facts could be proved by no other witness; that said *Samuels* had been duly subpœnaed to attend and that he had attended said Court on the day said cause was docketed for trial; that he was on that day in delicate health, and had since been taken dangerously ill, was confined to his bed, and that his physician had informed affiant that said illness might, probably, result in death; and that the affidavit was not made for delay, &c.

Upon this affidavit the plaintiffs moved for leave to take said *Samuels'* deposition to be used on the trial of the cause, which was granted upon giving the opposite party reasonable notice, &c. The defendant excepted, and insists the Court erred. We do not think so. It was one of the cases in which the statute expressly authorizes the taking of depositions. R. S. p. 720, s. 265. On the 14th day of the term, the deposition of *Samuels* having, in the mean time, been taken, the cause was again called for trial, whereupon the defendant moved the Court to suppress said deposition, which motion the Court overruled. In this there was no error. It was shown to the Court, in

Tuesday,
July 18.

opposition to the motion, that said *Samuels* was still unable, from sickness, to attend Court. The defendant's counsel contend said deposition should have been suppressed because it was taken during the term of the Court, while counsel must be presumed to be engaged therein and unable to go out to the taking of depositions. The statute makes no exception as to time, and we think none should be made. The witness might have died before the term closed.

The defendant next moved a continuance of the cause because said deposition, which the plaintiffs claimed to use upon the trial, had not been filed a day before that on which the cause stood on the docket for trial. The Court overruled this motion. The statute upon this subject is as follows:

"Every deposition taken in accordance with the provisions of this article, [and that of a sick witness is such an one,] and intended to be read in evidence, must be filed in the proper Court, at least one day before the time at which such cause in which such deposition is to be used stands on the docket for trial; or, if filed afterwards, and claimed to be used on the trial, the adverse party should be entitled to a continuance, at the cost of the party filing such deposition." R. S. p. 723, s. 286.

The "time" of standing on the docket, referred to in this section, means the day on which the clerk, in making his docket in vacation, sets the cause for trial. The deposition in this case was not filed before that time, and hence, according to the statute, the defendant was entitled to a continuance. And here the argument used in favor of suppressing the deposition, that those taken in term time, will often be so, while the opposite counsel are engaged in Court and unable to attend and cross-examine, has some weight in favor of the rule allowing a continuance. It might be deemed necessary, on inspection of the deposition, for the opposite party to retake it, or rebut it by evidence not then at command; and though, in such an event, an application for a continuance might be made, still we think the construction of the statute we have chosen

less liable to work injustice than that acted upon below;

and a fixed rule, where it can safely be adopted, is better than one with undefined exceptions. The Court should have granted the continuance.

The next and only remaining point in the case arises upon the following statement in the bill of exceptions:

"Thereupon, this cause came on to be tried before the Court and a jury, and, after the plaintiffs had introduced their testimony in the case, the defendant, after showing the following order of dismission by him of the bill of discovery filed in this Court by the defendant against the plaintiffs, requiring them to produce in evidence in this cause the agreement or instrument hereinafter stated, with the leave of the Court for said parties to withdraw the papers filed therein, to-wit: *Lee Dare* v. *John McNutt* and *William Cummings*. In chancery for discovery. Come the parties by their solicitors, and, thereupon, the said complainant dismisses this cause at his cost. It is therefore considered by the Court here, that the said defendants do recover of the said complainant their costs and charges by them in their said defence expended. And, on motion, the said complainant has leave to withdraw the papers filed by him in the case, and the said defendants have leave to withdraw the papers filed by them; and after proving that said defendant had given written notice to said plaintiffs, that, unless they produced, on the present trial of this case, the instrument in writing, signed by the defendant and found to have once been in possession of said plaintiffs, about the furnishing of an engine by the defendant to the plaintiffs, (about the price of which this suit is brought,) said defendant would give parol testimony of the contents of said instrument, it being shown that said instrument was brought into Court by said plaintiffs, and made a part of their answer to said bill of discovery, and which said instrument is still on file in said cause in this Court and constitutes a part of said answer; and after the plaintiffs refusal to produce said instrument under said notice, but stated that the same was still on file with the papers in the cause, the defendant asked leave

May Term,
1848.

to give parol evidence of the contents, &c., but the Court refused to grant it," &c.   The Court did not err in this. There was no necessity for giving the parol evidence. The defendant had nothing to do but ask the permission of the Court to give the instrument in evidence from the files of the Court, where the plaintiffs voluntarily suffered it to remain.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. A. Matson, J. B. Sleeth,* and *G. Holland,* for the appellant.

*J. Ryman,* for the appellees.